Anahit GEVORKYAN and Vahag Vardanyants, Petitioners,

v.

Jefferson B. SESSIONS III, Attorney General, Respondent.

No. 11–72535

United States Court of Appeals, Ninth Circuit.

Submitted September 26, 2017 *

OCTOBER 3, 2017

Debra Jade Mundel, Marks & Acalin, Los Angeles, CA, for Petitioners.

Lindsay Brooke Glauner, Esquire, Trial, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Anahit Gevorkyan and Vahag Vardanyants, natives and citizens of Armenia, petition for review of the Board of Immigration Appeals' order dismissing petitioners' appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including ad-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

verse credibility findings. *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Gevorkyan's prior submission of a fraudulent asylum application and documents, her false testimony during an asylum interview, and the inconsistencies regarding the neighbor who persecuted Gevorkyan. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004) (adverse credibility finding supported where fraudulent documents and material inconsistencies in testimony went to the heart of the claim); *see also Singh v. Holder*, 638 F.3d 1264, 1272 (9th Cir. 2011) ("[L]ies and fraudulent documents when they are no longer necessary for the immediate escape from persecution do support an adverse inference."). Gevorkyan's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, in this case, petitioners' asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Gevorkyan's CAT claim fails because it is based on the same testimony the agency found not credible, and Gevorkyan does not point to any evidence that compels the finding it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to Armenia. *See id.* at 1156–57.

We do not consider petitioners' due process contention. *See Lopez–Vasquez v. Holder*, 706 F.3d 1072, 1079–1080 (9th Cir. 2013) (issues not specifically raised and

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

argued in a party's opening brief are deemed waived).

## PETITION FOR REVIEW DENIED.